FILED
United States Court of Appeals
Tenth Circuit

February 28, 2023

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

THEODORE R. URIVE,

    Petitioner - Appellant,

v.

SCOTT CROW,

    Respondent - Appellee.

No. 22-7057
(D.C. No. 6:21-CV-00246-JFH-KEW)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***

_____

Before **MATHESON**, **BRISCOE**, and **EID**, Circuit Judges.

_____

Theodore Urive, an Oklahoma prisoner appearing pro se, seeks a certificate of

appealability (COA) to appeal the district court's order dismissing as untimely his

petition for federal habeas relief under 28 U.S.C. § 2254.  For the reasons explained

below, we deny Urive's request and dismiss this matter.

I

In 2009, Urive pleaded guilty in McCurtain County (Oklahoma) District Court to

seven criminal counts: two counts of Robbery with a Dangerous Weapon (Counts 1 and

6), three counts of Assault While Masked or Disguised (Counts 2, 5, and 7), one count of

---

* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Burglary in the Second Degree (Count 3), and one count of Robbery by Force or Fear (Count 4). On September 15, 2009, Urive was sentenced to twenty years' imprisonment for Counts 1, 2, 4, 5, 6, and 7, and to seven years' imprisonment for Count 3, with all sentences to run concurrently. Urive did not seek to withdraw his guilty pleas, nor did he appeal from his judgment and sentence.[1]

Over a decade later, on December 17, 2020, Urive filed an application for state post-conviction relief. In that application, Urive alleged, in reliance on the Supreme Court's decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), that the State of Oklahoma lacked authority to prosecute him for his crimes because he is an Indian who committed his crimes in Indian Country. On March 17, 2021, the state district court, after first requiring Urive to submit additional documentation regarding his Indian status, issued an order recommending an appeal out of time.

Urive proceeded to file with the Oklahoma Court of Criminal Appeals (OCCA) a petition for an appeal out of time. On June 1, 2021, the OCCA denied Urive's request for an appeal out of time. In doing so, the OCCA noted that because Urive "did not seek to withdraw his plea," he was "presumed to have waived the right to litigate [the trial court's jurisdiction] on direct appeal." ECF No. 9, Ex. 10 at 2. The OCCA further noted that Urive "d[id] not mention or claim that he was denied an appeal through no fault of

---

[1] According to the record, Urive sent a letter to the state district court on October 2, 2009, stating that he "made a mistake on taking the blame for others," had "learned [his] lesson," and asked the judge for "help." ECF No. 9, Ex. 3 at 1. There is no evidence in the record that the state district court responded to Urive's letter.

his own." *Id*. Lastly, the OCCA concluded that "[t]he potential merit of [Urive's] *McGirt* claim ha[d] no bearing on [his] entitlement to an appeal out of time." *Id*. at 3.

Following the OCCA's decision, Urive took no further action in the Oklahoma state courts. Instead, on August 19, 2021, he initiated these federal proceedings by filing a pro se petition for writ of habeas corpus pursuant to § 2254. Urive asserted in his petition, as he had before the state district court and the OCCA, that the "State of Oklahoma did not have lawful jurisdiction to convict [him] of crime on Indian land." ECF No. 1 at 5.

Respondent moved to dismiss Urive's petition as untimely. On October 12, 2022, the district court issued an opinion and order granting respondent's motion to dismiss. In that opinion and order, the district court also denied Urive a COA.

## II

Urive now seeks a COA from this court in order to challenge the district court's order dismissing his federal habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A). To obtain a COA, Urive must "show[], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). We need not address whether Urive has made the first of these showings if we conclude that reasonable jurists would not debate the district court's procedural ruling.

Urive argues that reasonable jurists could debate whether his petition was timely. To resolve that question, we turn to the statute of limitations that applies to his habeas

3

petition.  Congress has established "[a] 1-year period of limitations" that "appl[ies] to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court."  28 U.S.C. § 2244(d)(1).  That limitation period "run[s] from the latest of":

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*. § 2244(d)(1)(A)–(D).  In addition, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under" § 2244(d).  *Id*. § 2244(d)(2).

In dismissing Urive's petition as untimely, the district court concluded that Urive's convictions "became final on September 25, 2009, ten (10) days after entry of his Judgment and Sentence on September 15, 2009."  ECF No. 13 at 5.  The district court further concluded that the one-year period of limitations "under . . . § 2244(d)(1)(A) began to run the next day on September 26, 2009, and . . . expired on September 27, 2010."  *Id*.  The district court therefore concluded that Urive's "habeas corpus petition, filed on August 16, 2021, was untimely."  *Id*.

4

The district court rejected Urive's "assert[ion] that § 2244(d)(1)(C) control[led] the timeliness of his petition." *Id*. at 7. More specifically, the district court, quoting from this court's decision in *Pacheco v. El Habti*, 48 F.4th 1179, 1191 (10th Cir. 2022), emphasized that "'*McGirt* announced no new constitutional right.'" ECF No. 13 at 7.

The district court also concluded that "§ 2244(d)(2)'s tolling provision" was inapplicable because the letter that Urive sent to the state district court on October 29, 2009 was "not a 'properly filed application for State post-conviction or other collateral review.'" *Id*. at 6 (quoting § 2244(d)(2)). The district court noted in support of this latter conclusion that Urive's "letter fail[ed] to meet the procedural standard for any applicable manner of collateral relief" under Oklahoma law "and . . . [did] not even approximate what is required to obtain an out of time appeal." *Id*. The district court further noted that, "[t]o the extent Urive's generalized requests for mercy in the letter . . . implicate[d] Oklahoma's allowance for sentence modification[,] . . . [t]he record contain[ed] no consent from the district attorney," as is required under the Oklahoma statute governing sentence modifications. *Id*. (citing Okla. Stat. tit. 22, § 982a(A)(3)). As for Urive's "December 17, 2020 application for post-conviction relief," the district court concluded there was no tolling for it "because [it] w[as] initiated after the limitation period expired in September 2010." *Id*. at 7.

In his application for COA with this court, Urive attempts to weave the *McGirt*-jurisdictional issue that he raised in his habeas petition into his challenge to the district court's procedural conclusions regarding the timeliness of his petition. Specifically, Urive complains that the district court "applied the [§ 2244(d)] standard for

lawful convictions to a case that can not [sic] by reason or application of law be determined to be a lawful conviction" because he "was convicted by the State for violation of law the State had no jurisdiction over." Application at 3.

We conclude, however, that jurists of reason would not find the district court's procedural ruling debatable. It is undisputed that Urive is currently "in custody pursuant to a judgment of a State court." 28 U.S.C. § 2244(d)(1). As a result, his federal habeas petition plainly falls within the scope of § 2244(d)(1) and the limitations period set forth therein applies to his petition. Although Urive questions the legitimacy of the state court judgment by which he is confined, there are no exceptions in § 2244(d) or in applicable case law that would allow his jurisdictional challenge to modify, toll, or trump the one-year statute of limitations that applies to § 2254 habeas petitions such as his. As for the specifics of the district court's procedural analysis, Urive notably makes no attempt to challenge it, and we are satisfied that reasonable jurists would agree with it.

III

We therefore DENY Urive's request for a COA and dismiss this matter. We likewise DENY Urive's motion to proceed in forma pauperis on appeal.

Entered for the Court

Mary Beck Briscoe
Circuit Judge